**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4972**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD TOLAND FIELDS,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Glen E. Conrad, District
Judge.  (CR-04-18)

Submitted:  May 5, 2006                Decided:  June 7, 2006

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sherwin J. Jacobs, Harrisonburg, Virginia, for Appellant.  John L.
Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A jury convicted Richard Toland Fields of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to a 210-month sentence, which was twenty-five months below the advisory sentencing guideline range. Fields appeals his sentence. We affirm.

Citing <u>United States v. Booker</u>, 543 U.S. 220 (2005), Fields contends that his sentence violates the Sixth Amendment. As Fields correctly notes, <u>Booker</u> held that the mandatory application of the federal sentencing guidelines to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. <u>Id.</u> at 233-34. However, the district court treated the guidelines as advisory in determining Fields' sentence, and the use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).

Fields also asserts that the district court erred in finding that he was accountable for at least 150 grams of crack and that he possessed a firearm during the course of the conspiracy. Our review of the trial and sentencing transcripts leads us to conclude that the court did not clearly err in making these findings. <u>See</u> <u>United States v. Lamarr</u>, 75 F.3d 964, 972 (4th Cir. 1996) (noting that approximation of amount of drugs for sentencing not clearly erroneous if supported by competent record evidence);

<u>United States v. Rusher</u>, 966 F.2d 868, 880 (4th Cir. 1992) (stating standard of review for firearm enhancement).

Accordingly, we affirm Fields' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>